## Case No. 3,885.

### In re DIBBLEE et al.

[3 Ben. 354;[1] 3 N. B. R. 72 (Quarto, 17).]

District Court, S. D. New York. Aug. 6, 1869.

BANKRUPTCY—COMPOUNDING DOUBTFUL DEBTS.

The bankruptcy act [of 1867 (14 Stat. 517)] does not authorize the court to empower an assignee in bankruptcy to compound all doubtful debts, with the consent and approbation of a committee of creditors.

[In bankruptcy. In the matter of H. E. Dibblee and others. See Case No. 3,884.]

[By I. T. Williams, Register:] I, the undersigned, one of the registers in bankruptcy, do hereby certify to this honorable court that at the first meeting of creditors in the above entitled case, it was represented by Mr. Charles H. Smith, of counsel for a large number of the creditors, that there were very many small debts due the bankrupts, which were of doubtful collectibility, and that the interest of the creditors would in all probability require that many of them should be compounded and compromised. That as the trouble, delay, and expense, applying to the court to obtain leave so to compound or compromise, would be considerable, he moved the following resolution: "That this court be requested to make an order that the assignee in this case be authorized and empowered to compromise any and all doubtful debts due to said bankrupts, by and with the consent and approbation of Effingham Townsend, William Lattimer, and Reese M. Obesteuffer, as a committee of creditors." This resolution was voted for by all the creditors present save two. Whereupon, I do hereby certify the same to this honorable court for its action in the premises. I also submit an affidavit made by the assignee. Under the requirements of the 19th rule of this honorable court, I respectfully submit, that as no provision is made in the act for such an order as is hereby asked for, I beg to call the attention of the court to the provisions of section 43, which contemplates a practice similar to the one here sought to be inaugurated. No proceedings have yet been had under this section before now; parties have been embarrassed by the omission in the form No. 63 of the words "or as the assignee in bankruptcy would have done had not this resolution been passed," which are contained in the section, although it is clearly an inadvertence; and as the words of the act must govern, the omission does not seem as of much importance. Still, some have feared that proceedings thereunder might be questioned. Objections of this character have, I think, deterred parties from availing themselves of the provision of this section, and thus appointing a trustee who (acting under a committee of creditors) might compromise and compound debts due to the bankrupt, without the expense and trouble of a special application to the court.

BLATCHFORD, District Judge. I do not think that the order asked for is warranted by the provisions of section 43, or of any other section of the act, or of general order No. 17.

[NOTE. For further proceedings in this case, see Cases Nos. 3,886 and 3,887.]

## Case No. 3,886.

### In re DIBBLEE et al.

[4 Ben. 137;[1] 3 N. B. R. 754 (Quarto, 185).]

District Court, S. D. New York. May 4, 1870.

BANKRUPTCY—COUNSEL FEES OF PETITIONING CREDITOR.

A claim by petitioning creditors in involuntary bankruptcy, for counsel fees incurred by them, in the proceedings before adjudication, cannot be entertained by the register in the first instance, but must be presented to the court, on petition.

[In bankruptcy. In the matter of Henry E. Dibblee, John J. Krauss, and David P. Bingley. See Cases Nos. 3,884 and 3,885.

[By I. T. Williams, Register:] I, the undersigned, one of the registers in bankruptcy, do hereby certify to this honorable court, that James R. Clark, Jr., through his counsel, Charles H. Smith, Esq., presents a claim of his firm of Garrett, Clark & Co., against the estate of the bankrupts, for sums of money paid or incurred by them for services of counsel in proceedings had by them as petitioning creditors of the said bankrupts before the adjudication; and asks me to specify such sum as upon the final auditing and passing of his accounts, as assignee, may be allowed therefor, and make an order of distribution for the payment of the same—according to the custom and practice in cases of distribution by him in the ordinary discharge of his duties as assignee. He cites a decision of the circuit court in the Case of the New York Mail Steamship Company—a manuscript copy of which, furnished me by Mr. Smith, I annex hereto. [Case No. 12,208.] It appears from the decision, that the claim is one that the law recognizes, and which is an equitable lien upon the estate or funds in the hands of the assignee—and if so, it would seem right that the assignee should pay it, or such sum as may be just and reasonable, from such funds. The question, however, that presents itself is, whether this claim is not one strictly within the equity jurisdiction of this court, to be passed upon in each case by the court, and then sent down to the register to ascertain what would be a reasonable sum, and order distribution accordingly. I think this court has favored a practice in harmony with the suggestion, and that the practice of filing a pe-

---

[1] [Reported by Robert D. Benedict, Esq., and here reprinted by permission.]

[1] [Reported by Robert D. Benedict, Esq., and here reprinted by permission.]

tition, on the part of the creditors, and obtaining an order of reference, has, in similar cases, prevailed. I am more reluctant to act in this case without a special order, as the petitioning creditor and the assignee are the same person. In such case, it is, no doubt, the duty of the register to act with caution, and perhaps not without notice to other creditors. All of which is respectfully submited.

BLATCHFORD, District Judge. The register cannot entertain the application in the first instance. There must be a petition to the court, by the party, setting out the facts, and asking the relief desired.

[NOTE. For further proceedings in this case, see Case No. 3,887.]

## Case No. 3,887.

### In re DIBBLEE et al.

[4 Ben. 304.][1]

District Court, S. D. New York. Sept., 1870.

EXPENSES OF DISCHARGE—INVOLUNTARY BANKRUPT.

Where one member of a firm of involuntary bankrupts, having applied for a discharge, petitioned for the payment by the assignee of disbursements made by him in the proceedings to obtain such discharge, under the 47th section of the bankruptcy act [of 1867 (14 Stat. 540)]: *Held*. that the act makes no distinction between a voluntary and an involuntary bankrupt, as to the right to be discharged, and that the claim should be paid.

[In bankruptcy. In the matter of Henry E. Dibblee, John J. Krauss, and David P. Bingley. For previous proceedings, see Cases Nos. 3,884–3,886.]

This was a petition to the register, in behalf of John J. Krauss, one of the bankrupts, praying that the sum of $36.66, paid by, and on behalf of said Krauss. in the proceedings incident to his discharge, might be allowed, and paid out of the funds of the estate of the bankrupts. in the hands of the assignee. On the petition the register granted an order, that the assignee show cause why the amount should not be so paid by him. On the day appointed, the assignee appeared by counsel and objected to the payment thereof, on the ground that the petitioner was an involuntary bankrupt, and, therefore, not entitled to have the disbursements incident to his proceedings for a discharge paid out of the fund. The register certified the matter to the court. stating. that, as the entire claim was for sums disbursed by the bankrupt, (one of a firm,) which were all within the provisions of the 47th section, he saw no reason for excluding it from the operation of that section. especially as the act makes no distinction between a voluntary and an involuntary bankrupt, as to his right to be discharged.

---

[1] [Reported by Robert D. Benedict, Esq., and here reprinted by permission.]

Simeon E. Church, for bankrupt.
Charles H. Smith, for assignee.

BLATCHFORD, District Judge. The register is correct in his view.

---

## Case No. 3,888.

### DIBBLEE et al. v. FURNISS et al.

[4 Blatchf. 262.][1]

Circuit Court, S. D. New York. Jan. 11, 1859.

FEDERAL COURTS—FOLLOWING STATE LAWS—PARTIES AS WITNESSES.

Under the 34th section of the judiciary act of September 24, 1789 (1 Stat. 92), which provides, that "the laws of the several states, except where the constitution, treaties or statutes of the United States shall otherwise require or provide, shall be regarded as rules of decision, in trials at common law, in the courts of the United States, in cases where they apply," the law of a state allowing a party to a suit to be examined as a witness on his own behalf, is a rule of decision to guide the judgment, and not a rule of practice, and must be adopted as a rule in this court.

[Cited in Gravelle v. Minneapolis & St. L. Ry. Co., 16 Fed. 436.]

In this case, which was an action at common law, on the trial before INGERSOLL, District Judge, and a jury, one of the defendants was offered as a witness for the defendants [James E. Furniss and others]. An objection was made, on the part of the plaintiffs [Henry E. Dibblee and others], to the admissibility of the testimony.

William M. Evarts, for plaintiffs.
Charles O'Conor, for defendants.

INGERSOLL, District Judge, referring to the case of Wayman v. Southard, 10 Wheat. [23 U. S.] 1, 24, said that, under the 34th section of the judiciary act of September 24, 1789 (1 Stat. 92), which provides that "the laws of the several states, except where the constitution, treaties or statutes of the United States shall otherwise require or provide, shall be regarded as rules of decision, in trials at common law, in the courts of the United States, in cases where they apply," he should hold that state laws prescribing rules of practice could not be regarded in this court, but that the law of New York allowing parties to be examined as witnesses in their own behalf. on ten days' notice of the points on which they were to give testimony, must be considered to be a rule of decision to guide the judgment, and not a rule of practice, and must, therefore, be adopted as a rule in this court. He said that he had made a like decision in the circuit court of the United States for the Connecticut district, in reference to a statute of Connecticut, which was, in substance, the same as the statute of New York, except that no notice of the examination of a party to a suit was required to be given, and that such decision

---

[1] [Reported by Hon. Samuel Blatchford. District Judge, and here reprinted by permission.]